UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| LOURDES BORCHELLI-GUILBE,<br><br>                              Plaintiff,<br><br>              -against-<br><br>MTA EMPLOYEES; TWU LOCAL 100;<br>ANTONIO ROLDAN,<br><br>                              Defendants. | 25-CV-10828 (RA)<br><br>ORDER OF SERVICE |

RONNIE ABRAMS, United States District Judge:

Plaintiff, who is proceeding *pro se*, brings this employment discrimination action, alleging that her employer discriminated against her based on her disability and that her union breached its duty of fair representation. The Court liberally construes Plaintiff's employment discrimination claims against her employer as arising under the Americans with Disabilities Act ("ADA"), the Rehabilitation Act, the New York State Human Rights Law ("NYSHRL"), and the New York City Human Rights Law ("NYCHRL"). The Court also construes Plaintiff's duty-of-fair-representation claim against her union as arising under the Labor Management Relations Act ("LMRA") and the National Labor Relations Act ("NLRA"), as well as the NYSHRL and NYCHRL. Likewise, the Court liberally construes Plaintiff's allegations against her union representative as arising under the NYSHRL and NYCHRL. By order dated January 12, 2026, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.

## DISCUSSION

**A.     ADA and Rehabilitation Act claims against Defendant "MTA Employees"**

Plaintiff asserts employment discrimination claims against "MTA Employees," presumably referring to employees of the Metropolitan Transportation Authority ("MTA"). ADA

and Rehabilitation Act claims, however, cannot be asserted against individual defendants. *See Spiegel v. Schulmann*, 604 F.3d 72, 79 (2d Cir. 2010) (reasoning that because the ADA borrows its remedies from Title VII of the Civil Rights Act of 1964, and Title VII does not provide for individual liability, "it follows that" the ADA is also limited) (citing *Tomka v. Seiler Corp.*, 66 F.3d 1295, 1314-16 (2d Cir. 1995), *abrogated on other grounds by Burlington Ind. v. Ellerth*, 524 U.S. 742 (1998); *Goe v. Zucker*, 43 F.4th 19, 35 (2d Cir. 2022) ("[T]he Rehabilitation Act does not provide for individual liability."). In light of Plaintiff's clear intention to pursue employment discrimination claims under the federal disability statutes, the Court construes the complaint as asserting these claims against the MTA and directs the Clerk of Court, under Rule 21 of the Federal Rules of Civil Procedure, to amend the caption to add the MTA, Plaintiff's employer in this case, as a defendant in this action. This amendment is without prejudice to any defenses that the MTA may wish to assert.

**B.      New York State Human Rights Law and New York City Human Rights Law claims against Defendant "MTA Employees"**

The Court liberally construes the complaint as asserting additional employment discrimination claims under the NYSHRL and NYCHRL against Defendant "MTA Employees." Under those laws, an individual "who actually participates in the conduct giving rise to the discrimination claim may be held personally liable." *Tomka*, 66 F.3d at 1314-16; *see also Feingold v. New York*, 366 F.3d 138, 158 n.19 (2d Cir. 2004) ("[T]he majority of [New York] courts that have considered the issue have affirmed the existence of a cause of action against individual defendants under the aid-or-abet provision of the [New York State Human Rights Law]."). The persons who Plaintiff describes in the complaint as "MTA Employees" may potentially be proper defendants under the NYSHRL and NYCHRL.

In the complaint, Plaintiff appears to allege that "GSM Lillian Ruiz," "CTA Debra Gomez," "Supervisor Ms. Lewis," and "CTA Elizabeth Curtin" are the "MTA Employees" who she seeks to sue. In light of Plaintiff's clear intention to pursue employment discrimination claims against these individuals, the Court directs the Clerk of Court, under Rule 21 of the Federal Rules of Civil Procedure, to dismiss "MTA Employees" from this action and substitute in its place "GSM Lillian Ruiz," "CTA Debra Gomez, "Supervisor Ms. Lewis," and "CTA Elizabeth Curtin" as Defendants in this action.

## C.    Service on Defendants

Because Plaintiff has been granted permission to proceed IFP, she is entitled to rely on the Court and the U.S. Marshals Service to effect service.[1] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)).

To allow Plaintiff to effect service on Defendants through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each Defendant. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these Defendants.

If the complaint is not served within 90 days after the date summonses are issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63

---

[1]Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have effected service until the Court reviewed the complaint and ordered that any summonses be issued. The Court therefore extends the time to serve until 90 days after the date any summonses issue.

(2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Clerk of Court is directed to mail an information package to Plaintiff.

The Court dismisses Plaintiff's claims against "MTA Employees" for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court directs the Clerk of Court, under Rule 21 of the Federal Rules of Civil Procedure, to amend the caption of the complaint to add the Metropolitan Transportation Authority, GSM Lillian Ruiz, CTA Debra Gomez, Supervisor Ms. Lewis, and CTA Elizabeth Curtin as Defendants in this action. This amendment is without prejudice to any defenses that Defendants Metropolitan Transportation Authority, GSM Lillian Ruiz, CTA Debra Gomez, Supervisor Ms. Lewis, and CTA Elizabeth Curtin may wish to assert.

The Clerk of Court is instructed to issue summonses for Defendants Metropolitan Transportation Authority, TWU Local 100, Antonion Roldan, GSM Lillian Ruiz, CTA Debra Gomez, Supervisor Ms. Lewis, and CTA Elizabeth Curtin, complete the USM-285 form with the address for each of these Defendants, and deliver all documents necessary to effect service to the U.S. Marshals Service.

SO ORDERED.

Dated:    January 13, 2026
          New York, New York

 

RONNIE ABRAMS
United States District Judge

4

**SERVICE ADDRESS FOR EACH DEFENDANT**

1.    Metropolitan Transportation Authority
      Department of Law – Claims
      130 Livingston Street, 10th Floor

2.    Brooklyn, New York 11201TWU Local 100
      195 Montague Street, 3rd Floor
      Brooklyn, New York 11201

3.    Antonio Roldan
      195 Montague Street, 3rd Floor
      Brooklyn, New York 11201

4.    GSM Lillian Ruiz
      Metropolitan Transportation Authority
      Department of Law – Claims
      130 Livingston Street, 10th Floor

5.    CTA Debra Gomez
      Metropolitan Transportation Authority
      Department of Law – Claims
      130 Livingston Street, 10th Floor

6.    Supervisor Ms. Lewis
      Metropolitan Transportation Authority
      Department of Law – Claims
      130 Livingston Street, 10th Floor

7.    CTA Elizabeth Curtin
      Metropolitan Transportation Authority
      Department of Law – Claims
      130 Livingston Street, 10th Floor